**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **MELVIN NICHOLAS** § | |
| **(Hays County #870555)** § | |
| § | |
| **V.** § | **A-22-CV-063-RP** |
| § | |
| **GARY CUTLER** § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Melvin Nicholas's complaint. Nicholas, proceeding *pro se*, has been granted leave to proceed *in forma pauperis*.

**I. STATEMENT OF THE CASE**

At the time he filed his complaint, Nicholas was confined in the Hays County Jail. Nicholas is charged with murder and unlawful possession of a firearm by a felon. He is represented by counsel and has a pretrial motions hearing set for March 29, 2022.

Although his complaint is not a model of clarity, Nicholas appears to bring his complaint pursuant to 42 U.S.C. § 1983 wherein he seeks $3.5 million in damages against Hays County Sheriff Gary Cutler. In his complaint Nicholas also seeks his immediate release from jail. Because Nicholas

is a pretrial detainee, his request for an immediate release is construed as a request for *habeas corpus* relief pursuant to 28 U.S.C. § 2241.

Nicholas generally alleges his incarceration is wrongful. Nicholas claims Sheriff Cutler has not brought forth the accused to the grand jury for testimony or for witness testimony. Nicholas contends this makes his indictment fraudulent. Nicholas believes Sheriff Cutler is doing this "for revenue instead [for] the interest of justice."

## II. DISCUSSION

### A.   Civil Rights Claims

According to 28 U.S.C. § 1915A(b)(1), the court is required to screen any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee and dismiss the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. *See also* 28 U.S.C. § 1915(e)(2)(B) (directing court to dismiss case filed *in forma pauperis* at any time if it is determined that action is (i) frivolous or malicious, or (ii) fails to state claim on which relief may be granted).

An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation and citation omitted).

A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327–28). In evaluating whether

a complaint states a claim under sections 1915A(b)(1) and 1915(e)(2)(B), the court applies the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011); *see also* FED. R. CIV. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007)); *see* FED. R. CIV. P. 12(b)(6). These factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A conclusory complaint—one that fails to state material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim. *See id.* at 555–56.

Nicholas alleges Sheriff Cutler failed to bring him forward for proceedings before the grand jury. He cites a variety of state procedures regarding grand jury proceedings and alleges they are all duties of the sheriff. *See* Tex. Code Crim. Proc. Ann. arts. 20A.258, 20A.201, 20.17(a)(c)(1), 19.27, 25.01.

Construing Nicholas's claim as liberally as possible, Nicholas appears to be complaining he was not brought before the grand jury to testify before he was indicted. Contrary to Nicholas's contention, none of the articles cited by him command the sheriff to do anything. Moreover, none of the articles require the testimony of the accused. As such, Nicholas fails to allege a valid violation of his constitutional rights.

      **B.**    *Habeas Corpus* **Claims**

To the extent Nicholas seeks his immediate release, he must seek such relief in a petition for writ of *habeas corpus* after he exhausts his state court remedies. The exclusive remedy for a prisoner

who challenges the fact or duration of his confinement and seeks immediate or speedier release is *habeas corpus* relief. *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).

The Court should not sever Nicholas's claims seeking *habeas corpus* relief from this action. Nicholas already filed a petition for writ of *habeas corpus* in Cause No. A-21-CV-607-RP. On August 23, 2021, the Court dismissed the petition without prejudice for failure to exhaust state court remedies. To date, Nicholas has not properly exhausted his state court remedies.

### III. CONCLUSION

To the extent Nicholas seeks monetary damages he fails to state a claim upon which relief can be granted against Sheriff Cutler. To the extent he seeks an immediate release Nicholas must file a petition for writ of *habeas corpus* after he exhausts his state court remedies.

### IV. RECOMMENDATION

It is therefore recommended that Nicholas's claims seeking monetary relief be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e) and Nicholas's claims seeking an immediate release be **DISMISSED WITHOUT PREJUDICE** to filing a petition for writ of *habeas corpus* after he exhausts his state court remedies. To the extent the Court dismisses Nicholas's claims seeking an immediate release, the Court should deny Nicholas a certificate of appealability.

It is further recommended that Nicholas be warned, if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions *in forma pauperis* unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

In the event this report and recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list.

### V. OBJECTIONS

Within 14 days after receipt of the report and recommendation, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

**SIGNED** on February 16, 2022.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE